UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WILLIAM LEONARD, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 16-1330 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On July 15, 2016, plaintiff Ralph William Leonard filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment. The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 8, 2016 Case Management Order ¶ 5.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 26, 2013, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on July 19, 2011, due to cervical disc herniation, shoulder tendinitis, major depressive disorder, panic attack, anxiety, poor sleep, and poor concentration. (Administrative Record ("AR") 21, 186, 217). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on December 10, 2014. (AR 47-80).

On January 26, 2015, the ALJ determined that plaintiff was not disabled through December 3, 2012 – the date last insured. (AR 21-31). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: cervical degenerative disc disease with radiculopathy, left shoulder tendinitis, sprain of left hand, and major depressive disorder with anxiety (AR 23); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 23-24); (3) plaintiff retained the residual functional capacity to essentially perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[2] (AR 25); (4) plaintiff was unable to perform any past relevant work (AR 29); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 29-30); and (6) plaintiff's

---

[2] The ALJ determined that plaintiff could (i) occasionally lift and/or carry 20 pounds; (ii) frequently lift and/or carry 10 pounds; (iii) stand and/or walk for six hours in an eight-hour workday; (iv) sit for six hours in an eight-hour workday; (v) frequently climb, balance, stoop, kneel, crawl, and crouch; (vi) occasionally use ladders, ropes, and scaffolds; (vii) frequently reach overhead and handle bilaterally; and (viii) have occasional contact with coworkers and supervisors, but no contact with the public. (AR 25).

statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 28).

On June 9, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

///

burden of proof at step five – *i.e.*, establishing that claimant could perform other work in the national economy. Id.

  **B.** **Federal Court Review of Social Security Disability Decisions**

  A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

  While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must describe the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d

487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity). Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).

### C. Evaluation of Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Trevizo, 871 F.3d at 675 (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ is required to consider multiple factors when evaluating medical opinions from examining and nonexamining sources, as well as treating source opinions that have not been deemed "controlling." Trevizo, 871 F.3d at 675 (citation omitted). Appropriate factors include (i) "[l]ength of the treatment relationship and the frequency of examination"; (ii) "[n]ature and extent of the treatment relationship"; (iii) "supportability" (*i.e.*, the amount of "relevant

evidence" the medical source presents, and the quality/extent of the "explanation a source provides for an opinion"); (iv) "[c]onsistency . . . with the record as a whole"; (v) "[s]pecialization" (*i.e.*, "[whether an] opinion [provided by] a specialist about medical issues related to his or her area of specialty"); and (vi) "[o]ther factors . . . which tend to support or contradict the opinion" (*i.e.*, the extent to which a physician "is familiar with the other information in [a claimant's] case record," or the physician understands Social Security "disability programs and their evidentiary requirements"). 20 C.F.R. § 404.1527(c)(2)-(6); Trevizo, 871 F.3d at 675.

An ALJ may reject the uncontroverted opinion of either a treating or examining physician only by providing "clear and convincing reasons that are supported by substantial evidence." Trevizo, 871 F.3d at 675 (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Id.

An ALJ may provide sufficient reasons for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Id. (citation omitted). An ALJ's findings must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a particular treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

**IV. DISCUSSION**

Here, a remand is warranted for at least the reasons discussed below.

First, the discussion of the medical opinion evidence in the ALJ's decision is not sufficiently specific to permit meaningful review by this Court. See

6

generally Embrey, 849 F.2d at 422 ("Particularly in a case where the medical opinions of the physicians differ so markedly from the ALJ's, it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding [] physicians' findings.") (citation omitted). In a single, sweeping sentence the ALJ rejected four different medical opinions provided by separate doctors: "The undersigned accords little weight to these opinions because they are not consistent with the record as a whole, *e.g.*, generally unremarkable physical examinations and mild MRI/x-ray findings as discussed above." (AR 28). Such conclusory and boilerplate language without citation to any specific evidence in the record does not satisfy the ALJ's obligation to provide clear and convincing or specific and legitimate reasons for giving less weight to any *specific* medical opinion the ALJ referenced. See, e.g., Trevizo, 871 F.3d at 676-77 (ALJ's conclusory findings that medical opinion was contradicted by physician's treatment notes and other medical evidence not sufficiently specific reasons for rejecting doctor's opinions where "the ALJ pointed to nothing in [the doctor's] treatment notes or elsewhere in the clinical record that contradicted the treating physician's opinion") (citation omitted); Embrey, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."); Kinzer v. Colvin, 567 Fed. Appx. 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient) (citing id.).

Second, the ALJ did not find any treating physician's opinion "controlling," and appears not to have applied the appropriate factors for weighing any of the specific medical opinions. (AR 28). "This failure alone constitutes reversible legal error." Trevizo, 871 F.3d at 676.

Third, most of the medical opinion evidence referenced in the ALJ's decision appears to have been generated in a state workers' compensation case. (See AR 28) (citing Exhibit 1F at 9 [AR 286 - Dr. Kee Wong Report of Initial Orthopedic Consultation addressed to State Compensation Insurance Fund]; Exhibit 1F at 40, 45 [AR 317, 322 - Work Status Reports of Drs. Jackson S. Alparce and Dawn V. Morales]; Exhibit 2F at 44, 53 [AR 375, 384 - Work Status Forms from Dr. A. Michael Moheimani]; Exhibit 11F at 236-37 [AR 879-80 - Work Status Form & Primary Treating Physician Progress Report for State of California Division of Workers Compensation from Dr. Moheimani]; Exhibit 11F at 119 [AR 762 - Qualified Medical Evaluation from Dr. Zenia E. Cortes for State Compensation Insurance Fund]). The ALJ's decision here does not reflect that the ALJ properly considered the pertinent distinctions between the state and federal statutory schemes, or that the ALJ accurately assessed the implications medical findings drawn from a workers' compensation opinion may have for purposes of the Social Security disability determination in issue. See, e.g., Booth v. Barnhart, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002) (ALJ's decision must reflect "that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence."); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988) (finding ALJ's interpretation of treating physician's opinion erroneous where record clear that ALJ affirmatively failed to consider distinction between categories of work under social security disability scheme versus workers' compensation scheme).

Fourth, the ALJ's decision suggests that the ALJ effectively rejected every medical opinion that addressed plaintiff's functional abilities, and instead impermissibly assessed plaintiff's residual functional capacity based solely on the ALJ's own lay interpretation of the medical records as a whole. (See AR 28

["accord[ing] little weight" to opinions of treating/examining Drs. Alparce, Morales, Moheimani, and Cortes, and "less weight" to treating orthopedist Dr. Wong]; AR 29 ["accord[ing] little weight" to opinions of state agency medical consultants Drs. Ruiz, Resnik, and Walls]; AR 29 ["In sum, the above residual functional capacity assessment is supported by the medical evidence of record and the [plaintiff's] ability to perform extensive activities of daily living."]). Consequently, the ALJ's findings regarding plaintiff's residual functional capacity are not supported by substantial evidence. See Brawders v. Astrue, 793 F. Supp. 2d 485, 493 (D. Mass. 2011) (citing Perez v. Secretary of Health and Human Services, 958 F.2d 445, 446 (1st Cir. 1991) (per curiam) ("[W]here an ALJ reaches conclusions about [a] claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence.")); see also Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the opinion of a treating or an examining physician.") (citations and internal quotation marks omitted); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (same, also noting "[ALJ] must not succumb to the temptation to play doctor and make . . . independent medical findings.") (quoting Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996)) (quotation marks omitted); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted).

Finally, given the lack of specificity in the ALJ's discussion of the medical opinion evidence, the Court cannot confidently conclude that the ALJ's above-referenced errors were harmless. Accordingly a remand for additional

investigation and/or explanation with regard to the medical opinion evidence is appropriate.

V.  **CONCLUSION**[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 30, 2017

                                        /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).